### DANTE v. HUTCHINS.

(Court of Appeals of District of Columbia. Submitted March 4, 1920. Decided May 3, 1920.)

No. 3325.

1. **Executors and administrators** ⊕122(2)—**Equity will not require specific delivery of art collection to estate collector, where bill does not disclose right.**

While equity will decree specific delivery of works of art, heirlooms, etc., which are incapable of duplication or for which the owner has a personal attachment, if the loss could not adequately be compensated in damages, it will not decree the specific delivery of an art collection to a collector of decedent's estate, where the bill merely alleged that the collection was the property of the estate, and did not even disclose the disposition made thereof by the will.

2. **Executors and administrators** ⊕122(2)—**Necessity of bond in replevin does not entitle estate collector to sue for personal property in equity.**

The requirement that a plaintiff in replevin give bond does not entitle the collector of a decedent's estate to sue in equity for personal property, since the bond could be given through a bond company at the expense of the estate, and any personal liability assumed by the collector would be reimbursed from the assets of the estate.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Executors and administrators** ⬄122(2)—**Bill alleging defendant claims ownership disproves she was trustee de son tort.**

Allegations, in a bill to recover an art collection, that defendant claimed the collection as her individual property, are inconsistent with a claim that defendant is a trustee de son tort, on which plaintiff based his right to sue in equity.

4. **Executors and administrators** ⬄122(2)—**Discovery will not be granted at suit of collector to determine strength of adverse title.**

The jurisdiction of equity of collector's suit to recover a decedent's art collection cannot be sustained to obtain discovery, where the bill shows defendant claimed the property by gift from her deceased husband, and the only object of discovery must be to ascertain the strength or weakness of her title, since discovery is granted only to obtain evidence material to plaintiff's own case.

5. **Executors and administrators** ⬄122(2)—**Equity jurisdiction to recover assets cannot be based on presumption that service of replevin will be opposed.**

A bill in equity for the specific delivery of an art collection to the collector of an estate cannot be sustained merely because defendant keeps the collection in a house which is closed and equipped with a burglar alarm system, since it will not be presumed that defendant would obstruct a duly authorized officer of the law in executing a writ of replevin.

Appeal from the Supreme Court of the District of Columbia.

Suit by William J. Dante, as collector of the estate of Stilson Hutchins, deceased, against Rose Keeling Hutchins. From a decree dismissing bill because of adequate remedy at law, plaintiff appeals. Affirmed.

Geo. E. Sullivan, of Washington, D. C., for appellant.

J. C. Gittings and Thos. M. Gittings, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below. as collector of the estate of Stilson Hutchins, deceased, filed a bill in equity in the Supreme Court of the District of Columbia to obtain from defendant, Rose Keeling Hutchins, widow of Stilson Hutchins, specific delivery of certain paintings and pictures, alleged to be rare works of art and of great value.

It is averred that the pictures, listed and described in the bill, are located in the former residence of Stilson Hutchins, which defendant has since his death continued to occupy; that the custody and possession of the art collection by defendant has been solely as the agent of her husband, and permitted by plaintiff for safe-keeping, with the understanding that the status quo would be preserved; that plaintiff was put upon notice that at the proper time defendant "would make claim to said art collection by offering proof of a gift," unconfirmed by any writing; that in pursuance of this claim defendant made written claim in the probate proceedings to the art collection as her individual property, claiming to have been the owner thereof since long prior to the death of her husband, stating that she "would not hesitate to make sale and disposition of any part, or all, of said art collection," without reference to plaintiff; that defendant has the house contain-

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing the collection sealed up and protected by a burglar alarm system; and that plaintiff demanded delivery to him of the property in question, which was refused.

Plaintiff prays for discovery of the grounds of defendant's alleged ownership, and for an injunction or the appointment of a receiver pendente lite to safeguard the property, and that defendant be declared to hold the property in trust for plaintiff, that delivery of the property be decreed to plaintiff, that defendant be required to pay rental for the use and enjoyment of the property, and for general relief.

Defendant moved to dismiss the bill upon the ground of an adequate and complete remedy at law. From a decree sustaining the motion and dismissing the bill, this appeal was prosecuted.

[1] The case turns upon a question of jurisdiction. It is insisted that equity will decree delivery of rare works of art, and therefore it was error to dismiss the bill. Unquestionably equity will decree in specie works of art, curiosities, antiquities, heirlooms, etc., which are incapable of duplication, or things for which the owner has a personal attachment. But the party thus invoking equitable relief must be able to show that his loss could not be adequately compensated in damages. The pictures and paintings are merely property alleged to belong to the estate and appraised and listed as such. The bill does not even disclose what, if any, disposition of the art collection was made or attempted to be made in the will of Stilson Hutchins. For aught that the record discloses, possession may be desired for the purpose of sale.

[2] Nor is it important that plaintiff in an action in replevin would be required to give a bond. This could be accomplished through a bonding company at the expense of the estate; and for any personal liability assumed by the collector in instituting replevin proceedings by direction of the court he would be reimbursed from the assets of the estate.

[3] It is contended by plaintiff that equitable relief should be afforded because under the averments of the bill defendant is a trustee de son tort. But plaintiff avers in the bill that defendant claims the art collection as "her individual property." A question of title, therefore, existed at the time plaintiff was appointed collector. Not only is defendant's claim of title alleged, but plaintiff prays discovery to require a disclosure of the facts upon which defendant's alleged title exists. Plaintiff's averments are inconsistent with his claim that defendant is a trustee de son tort.

[4] But it is urged that equity has jurisdiction in this case to obtain discovery. This contention is without merit, since the bill avers that defendant claims title to the art collection by gift from her husband. Her position is made clear by the averments of the bill. Discovery cannot be employed merely for the purpose of ascertaining the strength or weakness of the adversary's title.

"A bill of discovery cannot be used merely for the purpose of enabling the plaintiff in such a bill to pry into the case of his adversary to learn its strength or weakness. A discovery sought upon suspicion, surmise, or vague

guesses is called a 'fishing bill,' and will be dismissed. Story, Eq. Pl. §§ 320 to 325. Such a bill must seek only evidence which is material to the support of the complainant's own case, and prying into the nature of his adversary's case will not be tolerated. The principle is stated by a great authority upon equity thus: 'Nor has a party a right to any discovery except of fact and deeds and writings necessary to his own title under which he claims; for he is not at liberty to pry into the title of the adverse party.' Story, Eq. Juris. § 1490; Kettlewell v. Barstow, 7 Ch. App. Cas., 686, 694." Carpenter v. Winn, 221 U. S. 533, 540, 31 Sup. Ct. 683, 685 (55 L. Ed. 842.)

[5] Nor is there merit in plaintiff's remaining contention that a writ of replevin could not be executed in this case. The bill contains no averment of a threat or declaration that the officer would be prevented from executing the writ. The mere fact that the house in which the art collection is kept was closed and equipped with a burglar alarm system will not warrant the conclusion that a duly authorized officer of the law would be obstructed in executing a writ of replevin.

The decree is affirmed, with costs.

Affirmed.